UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
TANESHA MARTIN,

                Plaintiff,                    **MEMORANDUM AND ORDER**

             -against-                    26-CV-3491 (NRM) (VMS)

SETH EICHENHOLTZ, HECTOR
GONZALEZ,

                Defendant.
--------------------------------------------------------------X
TANESHA MARTIN,

                Plaintiff,                    **MEMORANDUM AND ORDER**

             -against-                    26-CV-3493 (NRM) (VMS)

ARENDA L. WRIGHT ALLEN, ANNE-LEIGH
GAYLORD MOE, and LESLIE HOFFMAN
PRICE,

                Defendants.
--------------------------------------------------------------X

NINA R. MORRISON, United States District Judge:

*Pro se* Plaintiff Tanesha Martin filed two prior complaints, one against Defendants Arenda L. Wright Allen, Anne-Leigh Gaylord Moe, and Leslie Hoffman Price, who are federal judges in Florida and Virginia, *Martin v. Wright Allen, et al.*, No. 26-CV-2830 (HG) (SDE) ("*Martin I*"); and another against law enforcement agencies in Virginia, *Martin v. Virginia Beach Police Department, et al.*, No. 26-CV-3236 (HG) (SDE) ("*Martin II*"). As the complaints did not allege any action or property located in this judicial district, those cases were transferred to the Middle

District of Florida and the Eastern District of Virginia, respectively.  On June 10, 2026, Plaintiff filed two new actions in this Court, in which she opposed transfer of the prior case(s).  One action again names Judges Arenda L. Wright Allen, Anne-Leigh Gaylord Moe, and Leslie Hoffman Price as Defendants, but does not include any claims related to these individuals.  *Martin v. Wright Allen, et al.*, No. 26-CV-3493 (NRM) (VMS) ("*Martin IV*"). The other action names the judges assigned to the prior cases in this Court, the Honorable Hector Gonzalez and the Honorable Seth D. Eichenholtz, as Defendants.  *Martin v. Eichenholtz, et al.*, No. 26-CV-3491 (NRM) (VMS) ("*Martin III*").  Plaintiff's requests to proceed *in forma pauperis* are granted for the limited purpose of this order.  For the reasons that follow, both actions are dismissed.

## BACKGROUND

In *Martin I*, Plaintiff submitted a request that her address be sealed "due to crime alleged in this complaint" and that the case be sealed "due to the medical information and HIPPA [*sic*] protections associated with [her] Disability discussed in the complaint."  No. 26-CV-2830, ECF No. 3 at 1–2.  No medical records were attached, and Plaintiff did not provide any justification for filing the entire case under seal.  The Court directed that the complaint be restricted, so that it could only be accessed by court users, case participants, and public terminal users.  Because the action had no connection to the Eastern District of New York and because Plaintiff had previously filed multiple actions in Florida, Magistrate Judge Seth D. Eichenholtz transferred the action to the Middle District of Florida. No. 26-CV-2830,

2

ECF No. 5.

In *Martin IV*, Plaintiff now alleges that Judge Eichenholtz "breached [his] legal obligations to ensure [she] [is] fairly heard in court" and requests that he be enjoined from "continuing to transfer [her] case to be heard in [the] Middle District of Florida." No. 26-CV-3493, ECF No. 1 at 1–2. In *Martin III*, No. 26-CV-3491-NRM-VMS, Plaintiff asserts that Judge Eichenholtz and Judge Gonzalez violated her rights under the Health Insurance Portability and Accountability Act ("HIPAA"), 18 U.S.C. § 242, and 18 U.S.C. § 1512 by notifying the defendants in *Martin v. Wright Allen, et al.*, No. 26-CV-2830-HG-SDE, that a case had been filed against them. No. 26-CV-3491, ECF No. 1 at 2. She claims that judicial immunity does not apply when federal officials "deprive a defined victim of their constitutionally afforded rights." *Id.*

Plaintiff requests that *Martin IV* be sealed, again "due to the medical information and HIPPA [*sic*] protections associated with [her] Disability discussed in the complaint." No. 26-CV-3491, ECF No. 3 at 1. The Court initially filed that case under seal.

Neither *Martin IV* nor *Martin III* addresses the docketing or transfer of *Martin II*.

## DISCUSSION

### I. Standard of Review

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read Plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*,

3

551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–92 (2d Cir. 2008).   At the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010).   "But the special solicitude in *pro se* cases has its limits — to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief."   *Celli v. Bondi*, No. 24-CV-7442 (JHR), 2025 WL 903136, at *1 (S.D.N.Y. Mar. 24, 2025) (citation omitted).   A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."   An action is deemed frivolous as a matter of law when, *inter alia*, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint."   *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

## II. Immunity

It is well-settled that judges have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities.   *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Forrester v. White*, 484 U.S. 219, 225 (1988).   The absolute

4

judicial immunity of the court and its members "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles,* 502 U.S. at 11, 13 (internal citation omitted). Judicial immunity may be overcome only if the court is alleged to have taken nonjudicial actions or if the judicial actions taken were "in the complete absence of all jurisdiction." *Id.* at 12. The Federal Courts Improvement Act of 1996 amended 42 U.S.C. § 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Federal Courts Improvement Act of 1996, § 309(c), Pub. L. No. 104-317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983); *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) (explaining that the Federal Courts Improvement Act extended quasi-judicial immunity to actions for injunctive relief).

"Courts have understood [the injunctive relief] provision of Section 1983 to apply to federal judges." *Sun v. Mo*, No. 24-CV-3630 (KPF), 2024 WL 3639158, at *7 (S.D.N.Y. Aug. 2, 2024); *see also Fontil v. Abrams*, No. 23-CV-4875 (LTS), 2023 WL 3996664, at *2–3 (S.D.N.Y. June 14, 2023) (ruling that federal judge was "immune from any civil action seeking injunctive relief under the doctrine of judicial immunity" because the "[p]laintiff [did] not allege that any declaratory decree was violated or that declaratory relief was unavailable to her"); *Nieves v. Liman*, No. 20-CV-9503 (LLS), 2020 WL 7248856, at *3 (S.D.N.Y. Dec. 7, 2020) ("The Court must dismiss

5

Plaintiff's claims for any injunctive relief against Judge Liman as barred by the 1996 amendment to § 1983, which applies to *Bivens* actions against federal judges.").

All of Plaintiff's claims against Judge Eichenholtz and Judge Gonzalez involve their official acts in judicial proceedings: authorizing a less restrictive means of protecting sensitive information and transferring cases with improper venue, under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1406(a).   Plaintiff has not alleged that the Judges were acting outside of their jurisdiction or that they took nonjudicial actions.   Nor has she alleged that a declaratory decree was violated or that declaratory relief was unavailable. Accordingly, the Judges are "immune from any liability in this action, and consequently, [claims for injunctive relief against them are] dismissed as frivolous." *Fontil*, 2023 WL 3996664, at *3 (citing *Montero*, 171 F.3d at 760 ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (citation omitted))).

These federal judges are also protected by sovereign immunity.   "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).   "A suit against a federal judge in her official capacity for actions taken by her in connection with her judicial duties is a suit against the United States." *McCulley v. Chatigny*, 390 F. Supp. 2d 126, 129 (D. Conn. 2005).   Because the Plaintiff bears the burden of proving an explicit statutory waiver of sovereign immunity to secure injunctive relief against a federal officer, and no such waiver exists for challenging venue determinations or other judicial rulings, the claims against the federal judges must also be dismissed for lack

of subject-matter jurisdiction under Rule 12(b)(1).

### III.        No Independent Basis for Relief

Even if Defendants were not immune from suit, Plaintiff has not asserted any valid basis for relief against any of the Defendants.  The original defendants in *Martin I*, federal judges in Florida and Virginia, are named again in *Martin IV*, but *Martin IV* does not allege any claims against these judges from other judicial districts.  Instead, both *Martin IV* and *Martin III* assert factual allegations and claims related only to Judge Eichenholtz and Judge Gonzalez.  In addition to the purported civil rights claims, for which the Judges are immune from suit, Plaintiff claims that Judge Eichenholtz and Judge Gonzalez violated her rights under HIPAA. This claim is without merit.

HIPAA was enacted by Congress in order to protect against disclosure of health records and information without the patient's consent.  *See* 42 U.S.C. §§ 1320d-1 to 1320d-7.  The law's privacy mandates apply only to "covered entities" — specifically healthcare providers, health plans, and healthcare clearinghouses — and their designated "business associates."  42 U.S.C. § 1320d-1(a); 45 C.F.R. § 160.103. Judges and other individuals who are not healthcare providers and their associates have no responsibility under HIPAA to protect personal medical information. HIPAA's privacy requirements are enforceable by the Secretary of the Department of Health and Human Services and state Attorneys General.  *See* 42 U.S.C. § 1320d-5. There is no private right of action under HIPAA, which means that patients, including Plaintiff, cannot enforce the HIPAA provisions by filing lawsuits in federal

court.  *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 244 (2d Cir. 2020) (holding that HIPAA confers no express or implied private right of action).  Accordingly, Plaintiff's reference to HIPAA fails to state a claim for relief against the named Defendants.

Plaintiff's claims under 18 U.S.C. § 242 and 18 U.S.C. § 1512 are also without merit.  Generally, violations of the criminal code may not serve as the basis for a civil cause of action unless the criminal statute includes an express or implied private right of action.  *See Cort v. Ash*, 422 U.S. 66, 79 (1975); *Leeke v. Timmerman,* 454 U.S. 83, 85–86 (1981) (affirming that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").  Courts that have considered civil claims brought under 18 U.S.C. § 242 and 18 U.S.C. § 1512 have found that these provisions do not include an express private right of action and that no such right may be implied from the language of the statutes.  *See, e.g., Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994); *Zahl v. Kosovsky*, No. 08-CV-8308 (LTS) (THK), 2011 WL 779784, at *10 (S.D.N.Y. Mar. 3, 2011), *aff'd*, 471 F. App'x 34 (2d Cir. 2012).

For these reasons, *Martin III* and *Martin IV* are both dismissed as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IV.        Plaintiff's Request to Seal

In *Martin I*, Plaintiff requested that her address and the entire case be filed under seal.  No. 26-CV-2830, ECF No. 3 at 1–2.  The Court did not address the motion to seal but directed that the complaint containing the self-reported medical

8

information be restricted from public view.   Plaintiff filed a similar request to seal in *Martin IV* because it contained "medical information and HIPPA [*sic*] protections associated with [her] Disability."   No. 26-CV-3491, ECF No. 3 at 1.   The Court initially filed *Martin IV* under seal prior to review by the undersigned.

A party requesting the sealing of court documents must overcome a strong presumption in favor of public access to judicial records.   *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).   Generally, judicial documents may be sealed "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*, 435 F.3d at 120 (internal citation omitted).   "The party opposing disclosure of a judicial document must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection; broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test."   *Coventry Cap. US LLC v. EEA Life Settlements, Inc.*, No. 17-CV-7417 (VM) (HBP), 2017 WL 5125544, at *3 (S.D.N.Y. Nov. 2, 2017) (citation modified).

In her motion to seal in *Martin III*, Plaintiff asserts that she has an unspecified disability and requests sealing on the basis of unspecified "medical information." The complaint mentions two medical conditions, but it does not attach any medical records.   "Although the need to protect sensitive medical information provides justification for tailored sealing and redactions, it does not justify sealing the case in its entirety." *Leib-Podry v. Tobias*, No. 22-CV-8614 (VEC) (JW), 2024 WL 1134597, at

9

*2 (S.D.N.Y. Mar. 15, 2024) (internal citation omitted).

Accordingly, the Court finds that restriction, rather than sealing, is better suited to these circumstances.  The Court directs that *Martin III*, No. 26-CV-3491, be unsealed.   The complaint, ECF No. 1, and the request to seal, ECF No. 3, shall be restricted to case participants and court users. Any additional documents referencing or including Plaintiff's medical records are to be similarly restricted.   All other documents may appear in the public record.

## V. Plaintiff's Request for Recusal

Finally, Plaintiff filed a motion for recusal in which she asked that any matters concerning Judge Eichenholtz be reassigned.   No. 26-CV-3493, ECF No. 3 at 1.   As the prior actions in which Judge Eichenholtz and Judge Gonzalez were the presiding Judges, *Martin I* and *Martin II*, have been transferred to other District Courts and as the instant actions, *Martin III* and *Martin IV*, were not assigned to Judge Eichenholtz or Judge Gonzalez, Plaintiff's recusal motion is denied as moot.

### <u>CONCLUSION</u>

Plaintiff's requests to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 are granted, solely for the purpose of this Order.   Both *Martin III*, No. 26-CV-3491, and *Martin IV*, No. 26-CV-3493, are dismissed for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), as frivolous, and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).   The sealing restriction on *Martin III*, No. 26-CV-3491, is lifted, although ECF No. 1 and ECF No. 3 are to be marked Restricted.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from

this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.   *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to enter judgment in these cases and to mail a copy of this Order and the Judgments to Plaintiff.

SO ORDERED.


*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge


Dated:       June 29, 2026
             Brooklyn, New York